E-filed 1/4/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: *Ex Parte* Application of:<br><br>MENTOR GRAPHICS CORPORATION,<br><br>Applicant,<br><br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery For Use in Foreign Proceedings. | Case No.16-mc-80037-HRL<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 FOR LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Mentor Graphics Corporation ("Mentor Graphics") requests discovery in aid of a proceeding before a French court pursuant to 28 U.S.C. Section 1782. Mentor Graphics and its French subsidiary, Meta Systems SARL, have been sued in France by Alain Raynaud ("Raynaud"), a resident of the Northern District of California. Dkt. No. 2, Cleveland Decl., at ¶ 8; Dkt. No. 3, Dessrousseaux Decl., Ex. 1.

Raynaud, a former employee of Mentor Graphics, is named as a co-inventor of U.S. Patent No. 6,240,376 ("the '376 Patent"). *Id.* at 3; Dkt. No. 2, Cleveland Decl., Ex. A. After Raynaud left Mentor Graphics, the latter asserts, he went to work for a company called EVE-USA, Inc. ("EVE"). Dkt. No. 2, Cleveland Decl., Ex. B. In 2006, Mentor Graphics sued EVE for infringing the '376 patent and ultimately resolved the dispute through a license agreement. Dkt. No. 2, Cleveland Decl., Ex. D; Dkt. No. 1, at 4. EVE, however, was later purchased by Synopsys, Inc. ("Synopsys"), which did not have a license to use the patent. *See* Dkt. No. 2, Cleveland Decl., Ex. E. In a suit against Synopsys, Mentor Graphics received a judgment of over $36 million. Dkt. No. 2, Cleveland Decl., Ex. F. Raynaud has since sued Mentor Graphics and its French subsidiary for "additional remuneration" related to his invention of the '376 patent. Dkt. No. 3,

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1  Desrousseaux Decl., at ¶ 3.

2      Mentor Graphics filed the present application for an order pursuant to 28 U.S.C. Section

3  1782 in early 2016, seeking production of documents and a deposition from Raynaud.  Dkt. No. 1.

4  The testimony and documents are sought to potentially develop an argument that a five-year

5  French Statute of Limitations bars or limits Raynaud's recovery.  Dkt. No. 3, Desrousseaux Decl.,

6  at ¶ 11.  More specifically, Mentor Graphics seeks to explore whether Raynaud "knew . . . that

7  Mentor licensed the patent in 2006, more than five years before" he filed suit in France.  Dkt. No.

8  1, at 2.  To this end, the proposed subpoena filed with the court requests a deposition and two

9  categories of documents: (1) "[n]on-privileged documents sufficient to show the extent and timing

10 of Mr. Raynaud's knowledge of Mentor's exploitation of the invention and its assertion of

11 infringement of U.S. Patent No. 6,240,376 against: a) products made by or on behalf of EVE; b)

12 products made by or on behalf of Synopsys; and/or c) any other product;" and (2) "[a]ll

13 agreements and non-privileged documents regarding U.S. Patent No. 6,240,376, or its invention."

14 Dkt. No. 1, Ex. 1.

15     Several weeks after filing its application, Mentor Graphics informed this court that

16 Raynaud had objected to the proposed U.S. discovery in the French proceeding.  Dkt. No. 7.  This

17 court issued an interim order instructing Mentor Graphics to keep it informed of new

18 developments in the adjudication of Raynaud's objections before the French court, as those

19 developments could have an effect on this court's decision on the application.  Dkt. No. 8.  Mentor

20 Graphics filed periodic updates over the summer and autumn.  The most recent update stated that

21 the French judge issued a decision that "effectively rejected all of Mr. Raynaud's objections."

22 Dkt. No. 14, at 1.  Mentor Graphics attached a copy of the decision in French and an uncertified

23 translation.  Dkt. No. 14, Exs. A, B.  The court requested a certified translation, Dkt. No. 15,

24 which Mentor Graphics supplied, Dkt. No. 16.

25     As the French court has ruled on Raynaud's objections, the court now turns to Mentor

26 Graphics' application.

27                              **LEGAL STANDARD**

28     Ex parte applications are appropriate for seeking discovery pursuant to Section 1782.  Ex

parte applications are common in this context and "are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 370247, at *3 (N.D. Cal. Sept. 15, 2010) (quoting *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991).

Pursuant to Section 1782, a district court may order a person residing within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a). This statute may be invoked where (1) the discovery is sought from a person residing in the judicial district in which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is a foreign or international tribunal or an 'interested person.'" *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 52 U.S. 241, 246-47 (2004).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In addition to the statutory requirements, the Supreme Court has counseled that the district court should consider the following discretionary factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264-65.

## DISCUSSION

### A. Statutory Requirements.

Mentor Graphics satisfies the statutory requirements. It has made a prima facie showing that Raynaud resides in Mountain View, in Santa Clara County, part of California's Northern District. Dkt. No. 2, Cleveland Decl., ¶ 8. The requested discovery is for use in a foreign proceeding before the courts in France. Dkt. No. 3, Desrousseaux Decl., Ex. 1. And Mentor

United States District Court
Northern District of California

1  Graphics is a litigant in the foreign proceeding, which makes it an "interested person."  *In Re*

2  *Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *3 (N.D. Cal.

3  Sept. 15, 2010).

4      **A.   Discretionary Factors.**

5        (1) Mentor Graphics is a participant in the foreign proceeding, which weighs against

6  permitting the discovery.  *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 223 (D. Md. 2015).  (2) The

7  court is not aware of any policy of the French courts making them unreceptive to assistance from

8  United States federal courts.  *See In re Ex Parte Application of Societe D'Etude de Realisation Et*

9  *D'Exploitation Pour Le Traitment du Mais*, No. 13-mc-0266, 2013 WL 6164435, at *3 (E.D. Pa.

10  Nov. 22, 2013); *In re Consellior SAS, Kerfraval, Association De Documentation Pour L'Industrie*

11  *Nationale, CFEB*, No. 13 MC 34, 2013 WL 5517925, at *2 (D. Conn. Oct. 2, 2013).  Additionally,

12  the evidence sought is likely unattainable through the French courts in this proceeding, and it may

13  be relevant to a Statute of Limitations defense.   Desrousseaux Decl., at ¶ 11; *see also London v.*

14  *Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008) (permitting discovery where the evidence sought

15  would have been unavailable in French courts but was "critical" to a claim).  This factor weighs in

16  favor of permitting the discovery.  (3) The court has no reason to believe that Mentor Graphics is

17  seeking to circumvent foreign restrictions or limitations on discovery.  Though depositions and

18  requests for categories of documents are asserted to be unavailable in the French proceeding,

19  Desrousseaux Decl., at ¶ 18, a party does not "circumvent" foreign discovery procedures merely

20  by pursuing material in the United States that would not be discoverable in the foreign proceeding.

21  *HT S.R.L.*, 125 F. Supp. 3d at 225 ("It is irrelevant if the matter sought is not discoverable in the

22  foreign tribunal because 28 U.S.C. § 1782(a) does not impose a discoverability requirement."); *Ex*

23  *rel Application of Winning (HK) Shipping Co.*, No. 09-22659-MC, 2010 WL 1796579, at *10, n.7

24  (S.D. Fla. Apr. 30, 2010).  Further, the French court may still determine for itself whether to admit

25  the evidence obtained through discovery in the United States.  The third factor also weighs in

26  favor of permitting the discovery.

27        The ruling of the French court on Raynaud's objections further supports this court's

28  exercise of its discretion to permit the requested discovery.  The French court concluded that the

United States District Court
Northern District of California

1  neither the Hague Convention nor the French rules of civil procedure prevented discovery in this

2  court, provided that it was conducted in a lawful manner, and provided that the French court had

3  an opportunity to assess any evidence obtained through such discovery at the appropriate time.

4  Dkt. No. 16, Ex. A.  The court does not find anything in the order of the French court suggesting

5  that that tribunal would not be receptive to United States court assistance or that the discovery

6  requested here is sought to circumvent French restrictions and limitations on proof-gathering.

7       (4) In assessing the fourth discretionary factor, whether the discovery sought is unduly

8  burdensome, the court analyzes the request under Federal Rule of Civil Procedure 26(b).  The

9  court considers this factor "in the context of the relevance of the material, the need for the

10  discovery, the breadth of the request, the time period covered by the request, and the particularity

11  of the request and burden imposed."  *In re Consellior SAS, Kerfraval, Association De*

12  *Documentation Pour L'Industrie Nationale, CFEB*, No. 13 MC 34, 2013 WL 5517925, at *3 (D.

13  Conn. Oct. 2, 2013).  Here, the material sought in the deposition and the first category of

14  documents is relevant to the statute of limitations issue, and it is likely not available through the

15  French proceedings.[1]  Dkt. No. 3, Desrousseaux Decl., at ¶¶ 11, 18.  The requested documents

16  cover a substantial period of time (2001-2016), but this temporal scope is required by the nature of

17  the events at issue and the evidence sought.  The deposition—lasting four hours—and the first

18  category of documents sought are narrowly tailored to solicit relevant information.

19       The second category of documents requested, however—"[a]ll agreements and non-

20  privileged documents regarding U.S. Patent No. 6,240,376, or its invention," Dkt. No. 1, Ex. 1—is

21  overbroad when weighed against the relevance of the information sought.  This request covers a

22  greater temporal span than the request for the first category of documents, spanning *at least*

23  eighteen years (as documents regarding the "invention" of the '376 patent could date from well

24  before 1998, when Mentor Graphics asserts that the patent application was filed).  Additionally,

25  the request would undoubtedly include in its scope documents that have nothing to do with the

26

27      [1] The first category seeks "[n]on-privileged documents sufficient to show the extent and timing of
Mr. Raynaud's knowledge of Mentor's exploitation of the invention and its assertion of
28  infringement of U.S. Patent No. 6,240,376 against: a) products made by or on behalf of EVE; b)
products made by or on behalf of Synopsys; and/or c) any other product[.]"  Dkt. No. 1, Ex. 1.

United States District Court
Northern District of California

purposes for which discovery is sought (exploring the five-year statute of limitations argument and seeking evidence inconsistent with positions Raynaud has taken in France regarding the value of the patent).  The court is not persuaded that the likely benefit of this second category of documents outweighs the considerable burden of finding and producing responsive documents, especially considering that much of the information Mentor Graphics seeks may be available through the first category of documents or the deposition.  *See In re Ex Parte Application of Qualcomm, Inc.*, 162 F. Supp. 2d 1029, 1044-45 (N.D. Cal. 2016) (finding a request for documents spanning five to eleven years and including confidential information overbroad, even when weighed against the information's relevance).

## CONCLUSION

Thus, with the exception of the second category of documents requested, which is overbroad and unduly burdensome, the court finds that the discretionary factors weigh in favor of permitting the discovery requested.  As such, the court grants Mentor Graphics' application for discovery pursuant to Section 1782 with respect to the first category of documents sought and the deposition and denies it with respect to the second category of documents sought.  The court further approves the subpoena and proposed protective order as modified (the modified subpoena and protective order are appended to this order).

The instant order is without prejudice to Raynaud or another interested party to seek to quash the subpoena.  In the event any discovery disputes arise, the parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes, which, among other things, requires the submission of a joint discovery letter brief, rather than a noticed motion.

**IT IS SO ORDERED.**

Dated: 1/4/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| In re: Application of Mentor Graphics Corporation | ) | |
|---|---|---|
| *Plaintiff* | ) | Miscellaneous |
| v. | ) | Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          ALAIN RAYNAUD, 775 Glenborough Dr., Mountain View, CA 94041-2581

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Pacific Workplaces, 111 North Market Street, Suite 300 San Jose, CA 95113 (or at such other place that is mutually agreed upon) | Date and Time: To be set 21 days after Order] at 9:00am (or at such other time that is mutually agreed upon) |
|---|---|

The deposition will be recorded by this method:      Stenographic and videographic.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Kristin L. Cleveland* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Mentor Graphics Corporation                                          , who issues or requests this subpoena, are:
Krsitin L. Cleveland; Klarquist Sparkman LLP; 121 SW Salmon St., Ste 1600, Portland, OR 97204; kristin.cleveland@klarquist.com, Ph: (503)595-5300

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

A.      The terms "You," and "Your" as used herein means Alain Raynaud, including any

and all persons or entities acting on your behalf, including but not limited to agents, or

representatives.

B.      The term "Mentor" as used herein means Mentor Graphics Corporation, as well as

its subsidiaries (including Meta Systems SARL), divisions, affiliates, assigns, present and former

officers, directors, employees, related corporations and agents.

C.      The term "Document," as used herein means any writings, drawings, graphs,

charts, photographs, sound recordings, images, and other data or data compilations, stored in any

medium from which information can be obtained either directly or, if necessary, after translation

into a reasonably usable form. "Document" includes electronically stored information.

D.      "Regarding" as used herein means pertaining to, relevant to, material to,

evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning

in any manner whatsoever the subject matter of the inquiry.

E.      If you have documents in your custody or control that are responsive to the

subject matter described in paragraphs 1 ~~and/or 2,~~ below, please produce them by *[Date to be set*

*15 days after service]*.

F.      If you have responsive documents that are in the form of electronically stored

information, please produce such information in its native format.

G.      If you object to the production of requested documents or parts thereof, produce

all documents and parts of documents to which your objection does not apply.

H.      If you have no documents responsive to the subject matter described in

paragraphs 1 ~~and/or 2,~~ please so state.

I.      If you have documents responsive to the subject matter described in paragraphs 1

~~and/or 2~~ that you claim are privileged or subject to any immunity, please so state, and for each

such document, please provide the information required by Fed. R. Civ. P. 26 (the privilege

claimed, the nature of the document or thing (letter, memorandum, notes, etc.), its date, its author(s) and recipient(s), and a general description of the document and its subject matter).

J.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these requests any information which might otherwise be considered beyond its scope.  The obligation to provide the information sought by these discovery requests, or parts thereof, is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## DOCUMENTS AND THINGS SUBPOENAED

1.      Non-privileged documents sufficient to show the extent and timing of Mr. Raynaud's knowledge of Mentor's exploitation of the invention and its assertion of infringement of U.S. Patent No. 6,240,376 against: a) products made by or on behalf of EVE; b) products made by or on behalf of Synopsys; and/or c) any other product; .

2.      All agreements and non-privileged documents regarding U.S. Patent No. 6,240,376, or its invention.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re: Application of Mentor Graphics Corporation, | Miscellaneous Action No.: |
| Applicant. | [PROPOSED] PROTECTIVE ORDER |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation or the French Proceeding may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The information gathered in this litigation or the French Proceeding is being done pursuant to 28 U.S.C. Section 1782 to assist in a French Proceeding.  Accordingly, subject to the other restrictions of this protective order, and to the decisions of the court in the French Proceeding all designated information may also be used in the French Proceeding.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, or subsidiaries thereof, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).  For avoidance of doubt, Meta Systems SARL is a subsidiary of Mentor Graphics Corporation.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    French Proceeding:  The proceeding initiated by Mr. Raynaud in the *Tribunal de Grande instance de Paris* (Paris District Court), in January 2015,  currently pending before the Third Chamber, Second Section under case number 15/00961, and all related litigation, appeals, arbitrations, or alternative dispute resolution proceedings related thereto.

2.18    French Counsel:  Attorneys who are assisting in the French Proceeding.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of

3

disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

Party as a result of publication not involving a violation of this Order, including becoming part of the

public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation and the French Proceeding, the confidentiality

obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including

the time limits for filing any motions or applications for extension of time pursuant to applicable law.
For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this Order.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

Party that designates information or items for protection under this Order must take care to limit any such

designation to specific material that qualifies under the appropriate standards. To the extent it is practical

to do so, the Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

retard the case development process or to impose unnecessary expenses and burdens on other parties)

expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

4

1    designation.

2        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g.,

3    second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

4    Material that qualifies for protection under this Order must be clearly so designated before the material is

5    disclosed or produced.

6        Designation in conformity with this Order requires:

7        (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding

8    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

9    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

10   CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or

11   portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

12   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

13   portion, the level of protection being asserted.

14       A Party or Non-Party that makes original documents or materials available for inspection need not

15   designate them for protection until after the inspecting Party has indicated which material it would like

16   copied and produced. During the inspection and before the designation, all of the material made available

17   for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

18   inspecting Party has identified the documents it wants copied and produced, the Producing Party must

19   determine which documents, or portions thereof, qualify for protection under this Order. Then, before

20   producing the specified documents, the Producing Party must affix the appropriate legend

21   ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

22   CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or

23   portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

24   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

25   portion, the level of protection being asserted.

26       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating

27   Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

28   testimony and specify the level of protection being asserted. When it is impractical to identify separately

5

1   each portion of testimony that is entitled to protection and it appears that substantial portions of the

2   testimony may qualify for protection, the Designating Party may invoke on the record (before the

3   deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

4   portions of the testimony as to which protection is sought and to specify the level of protection being

5   asserted. Only those portions of the testimony that are appropriately designated for protection within the

6   21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may

7   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire

8   transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9   ONLY."

10          Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other

11   proceeding to include Protected Material so that the other parties can ensure that only authorized

12   individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

13   at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

14   designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15          Transcripts containing Protected Material shall have an obvious legend on the title page that the

16   transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

17   line numbers as appropriate) that have been designated as Protected Material and the level of protection

18   being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

19   requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall

20   be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

21   EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

22   shall be treated only as actually designated.

23          (c) for information produced in some form other than documentary and for any other tangible

24   items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

25   which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or

27   portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

28   identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may ~~proceed to~~ seek judicial intervention ~~the next stage of the challenge process~~ only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. ~~or all of a deposition transcript, at any time for good cause.~~ The Challenging Party may sere notice of a challenge, including a challenge to some

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, parties shall comply with the undersigned's Standing Order re Civil the ~~Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and~~ Discovery Disputes.  Any Discovery Dispute Joint Report shall affirm compliance with both ~~in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or~~ the terms of paragraph 6.2 in this protective order and subsequent compliance with the ~~within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,~~

7

1   ~~separate meet-and-confer requirements in the Standing Order re Civil Discovery Disputes.~~
1   ~~whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the~~

2   ~~movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure~~

3   ~~by the Designating Party to make such a motion including the required declaration within 21 days (or 14~~

4   ~~days, if applicable) shall automatically waive the confidentiality designation for each challenged~~

5   ~~designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation~~

6   ~~at any time if there is good cause for doing so, including a challenge to the designation of a deposition~~

7   Any Discovery Dispute Joint Report related
7   ~~transcript or any portions thereof. Any motion brought pursuant~~ to this provision must be accompanied by

8   a competent declaration affirming that the movant has complied with the meet and confer requirements

9   both paragraph 6.2 of this protective order and the separate Standing Order
9   imposed by ~~the preceding paragraph.~~ requirements.

10      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

11  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

12  expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

13  seek judicial intervention
13  Designating Party has waived the confidentiality designation by failing to ~~file a motion to retain~~

14  ~~confidentiality~~ as described above, all parties shall continue to afford the material in question the level of

15  protection to which it is entitled under the Producing Party's designation until the court rules on the

16  Discovery Dispute Joint Report.
16  ~~challenge.~~

17  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

18      7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

19  produced by another Party or by a Non-Party in connection with this case or the French Proceeding only

20  for prosecuting, defending, or attempting to settle this litigation or the French Proceeding. Such Protected

21  Material may be disclosed only to the categories of persons and under the conditions described in this

22  Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of

23  section 15 below (FINAL DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a location and in a

25  secure manner that ensures that access is limited to the persons authorized under this Order.

26      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

27  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

28  item designated "CONFIDENTIAL" only to:

8

(a) the Receiving Party's Outside Counsel of Record in this action, or its French Counsel, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation or the French proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or the French Proceeding, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or the French Proceeding, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel for this litigation and the French Proceeding;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or the French Proceeding, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, or in the French Proceeding, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

9

disclose the information for this litigation or the French Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party, or its French Counsel (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation or the French Proceeding, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation or the French Proceeding, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel; for this litigation and the French proceeding;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or the French Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated

---

[1] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

1  House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

2  sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive

3  decision-making.

4       (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

5  a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

6  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

7  CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to

8  the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the

10  Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and

11  the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

12  identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

13  received compensation or funding for work in his or her areas of expertise or to whom the expert has

14  provided professional services, including in connection with a litigation, at any time during the preceding

15  five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any

16  litigation in connection with which the Expert has offered expert testimony, including through a

17  declaration, report, or testimony at a deposition or trial, during the preceding five years.

18       (b) A Party that makes a request and provides the information specified in the preceding

19  respective paragraphs may disclose the subject Protected Material to the identified Designated House

20  Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection

21  from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

22       (c) A Party that receives a timely written objection must meet and confer with the Designating

23  Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

24  of the written objection. If no agreement is reached, ~~the Party seeking to make the disclosure to Designated~~ the parties may file a Discovery Dispute

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

11

*Joint Report pursuant to the undersigned's Standing Order re Civil Discovery (and in compliance with Civil Local Rule 79-5, if applicable).  Any such Joint Report*

~~House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion~~ must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such *joint report* ~~motion~~ must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such *dispute* ~~proceeding~~, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.      <u>PROSECUTION BAR</u>

[Removed]

9.      <u>SOURCE CODE</u>

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, ~~including the Prosecution Bar set forth in Paragraph 8,~~ and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or

12

otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION OR THE FRENCH PROCEEDING

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation or the French Proceeding is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation or the French Proceeding, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       3.     make the information requested available for inspection by the Non-Party.

     (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the

16

1   court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

2   Rule 79-5(e)(2) unless otherwise instructed by the court.

3   15.   FINAL DISPOSITION

4       Within 60 days after the final disposition of this action or the French Proceeding, whichever is

5   longer, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing

6   Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies,

7   abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

8   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

9   written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

10   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that

11   was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

12   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

13   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

14   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

15   exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

16   materials contain Protected Material. Any such archival copies that contain or constitute Protected

17   Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

18   16.  All discovery and disclosure disputes are subject to the undersigned's Standing Order.

19

20   IT IS SO ORDERED.

21

22   DATED: ___1/4/2017___   _____

23                       [Name of Judge] Howard R. Lloyd

                    United States District/Magistrate Judge

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of _____ **[insert formal name of the case and the**

**number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms

of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

       I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

       I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
            [signature]